# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | | |
|---|---|---|
| **MELVIN A. PETRUS** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **UNITED STATES** | : | **NO. 16-53** |

## MEMORANDUM OPINION

**Savage, J.**                                                                                                   **March 29, 2022**

      This Federal Torts Claim Act (FTCA) medical malpractice case arises from plaintiff Melvin Petrus' reaction after receiving flu and shingles vaccines at a Veterans Affairs (VA) hospital in Minnesota. Petrus brings claims of medical malpractice against the United States, an unnamed nurse that allegedly failed to inform him of the vaccines' side-effects, and an unnamed doctor who failed to effectively treat him after the reaction.

      The Government moves to dismiss the amended complaint, arguing that Petrus failed to comply with the Minnesota statute that requires a plaintiff in a medical malpractice action to file an affidavit of merit with his complaint. Thus, the issue is whether a state requirement that a plaintiff in a medical malpractice case must file a certificate of merit is a prerequisite to bring an FTCA action.

      We conclude that the Minnesota certificate of merit requirement is a procedural rule that conflicts with the Federal Rules of Civil Procedure and is displaced by them. Therefore, because Petrus is not required to file a certificate of merit as a condition to file an FTCA action, we shall deny the motion to dismiss.

## Background[1]

Petrus presented for a flu vaccine at the VA Hospital in Minneapolis, Minnesota on October 28, 2013.[2] A VA nurse "insisted" he also get the shingles vaccine without disclosing possible side effects.[3] Both vaccines were administered.[4]

Petrus woke up on November 2, 2013 to "an enormous breakout of a tremendous, terribly itchy rash" all over his body.[5] He lost "big blotches of his hair" and was in "tremendous pain."[6] Petrus returned to the VA that day and was prescribed three different lotions.[7] They did not help.[8]

On November 26, 2013, Petrus filed a complaint with the VA, claiming the vaccines "had caused him to lose his hair and had given him a rash."[9] Almost a year later, on November 18, 2014, the VA informed him that its "investigation had found no negligence on the part of the VA and its employee."[10] Petrus was advised to either "request reconsideration or appeal the decision to the District Court. . . ."[11] Petrus filed for reconsideration.[12] On February 16, 2016, the VA denied reconsideration and advised

---

[1] The facts, which we accept as true and from which we draw all reasonable inferences in favor of the plaintiff, are recited from the Amended Complaint.

[2] Am. Compl. at ¶ 6 (ECF No. 35).

[3] *Id*. at ¶¶ 7-8.

[4] *Id*. at ¶ 9.

[5] *Id*. at ¶ 11.

[6] *Id.* at ¶ 12-14.

[7] *Id.* at ¶¶ 15-17.

[8] *Id.* at ¶¶ 18-19.

[9] *Id.* at ¶ 23.

[10] *Id.* at ¶ 24.

[11] *Id.*

[12] *Id.* at ¶ 25.

him "to file a claim pursuant to the FTCA."[13]  Petrus filed this *pro se* lawsuit against the United States on August 1, 2016.[14]

We dismissed Petrus's *pro se* complaint because he asserted a strict liability claim, which cannot be brought under the FTCA.[15]  Petrus amended his complaint with the assistance of counsel.[16]  The Government moves to dismiss.[17]

## Analysis

In a case under the FTCA, we must apply the "law of the place where the act or omission occurred."  28 U.S.C. § 1346(b)(1).  Here, all relevant conduct occurred in Minnesota.

Minnesota requires medical malpractice plaintiffs to "serve upon defendant with the summons and complaint an affidavit" created in consultation with an expert.  MINN. STAT. § 145.682, subd. 2.  The affidavit must state that "the facts of the case have been reviewed by the plaintiff's attorney with an expert . . . and that, in the opinion of this expert, one or more defendants deviated from the applicable standard of care and by that action caused injury to the plaintiff."  *Id.* at § 145.682, subd. 3 (1).

Petrus' amended complaint does not include an expert affidavit.  We must decide whether the absence of an affidavit is fatal to his case.

We must first determine whether the Minnesota statute is a substantive or procedural rule.  If it is substantive, we are bound to apply it.  *F.D.I.C. v. Meyer*, 510 U.S.

---

[13] *Id.* at ¶ 26.

[14] *Id.* at ¶ 27.

[15] Feb. 26, 2020 Memo. at 1 (citing *Ward v. United States,* 471 F.2d 667, 670 (3d Cir. 1973)) (ECF No. 28).

[16] *See generally* Am. Compl.

[17] Mot. to Dismiss Pl.'s First Am. Compl. (ECF No. 36).

471, 478 (1994) (holding that the "reference to the 'law of the place' means law of the State—the source of substantive liability under the FTCA" (citations omitted)).  If it is procedural and conflicts with the Federal Rules of Civil Procedure, we disregard it.  *United States v. Yellow Cab Co.,* 340 U.S. 543, 553 (1951); *Corley v. United States,* 11 F.4th 79, 85 (2d Cir. 2021).[18]

The Minnesota affidavit of merit requirement is not substantive law.  It is not a source of liability.  It does not define the substantive elements of liability of a medical malpractice claim or pleading.  It is a procedural rule.  Hence, we are not bound to apply it and must disregard it if it conflicts with the federal rules.

Having found that the Minnesota rule is procedural, we consider whether it applies in FTCA cases.  The Third Circuit, in a non-precedential opinion, applied Pennsylvania's certificate of merit requirement in an FTCA case.  *Smith v. United States,* 498 F. App'x. 120, 122 (3d Cir. 2012).  In precedential opinions, the Second, Fourth, Sixth, and Seventh Circuits have held that a certificate of merit requirement as a prerequisite to filing an FTCA medical malpractice action conflicts with the Federal Rules of Civil Procedure.  *Corley,* 11 F.4th at 87–89; *Pledger v. Lynch,* 5 F.4th 511, 518 (4th Cir. 2021); *Gallivan v. United States*, 943 F.3d 291, 293–94 (6th Cir. 2019); *Young v. United States*, 942 F.3d 349, 351–52 (7th Cir. 2019).

The reasoning of these courts is more persuasive than the Third Circuit's non-precedential opinion in *Smith*.[19]  Indeed, the Second and Sixth Circuits criticized the *Smith*

---

[18] The FTCA mandates application of the Federal Rules of Civil Procedure.  The original FTCA expressly provided that the Federal Rules of Civil Procedure apply.  In a later iteration of the FTCA, the express language was omitted because Congress deemed it unnecessary.  *Yellow Cab Co.,* 340 U.S. at 553 n.9 (citations omitted).

[19]  We are not bound by Third Circuit non-precedential opinions.  *See* Third Circuit Internal Operating Procedure 5.7 (stating that non-precedential opinions "are not regarded as precedents that bind

4

court for not considering the "clear conflict between the federal pleading rules" and the certificate of merit procedure.  *Gallivan,* 943 F.3d at 297; *see Corley*, 11 F.4th at 87 n.5 (stating that the *Smith* court found "Pennsylvania['s] certificate of merit rule was substantive, without considering conflict with Federal Rules of Civil Procedure"); *see also Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.,* 559 U.S. 393, 398 (holding that courts must determine whether the Federal Rules "answers the question in dispute") (citing *Burlington Northern R. Co. v. Woods,* 480 U.S. 1, 4-5 (1987)).

We disagree with the *Smith* non-precedential ruling because the certificate of merit requirement directly conflicts with Federal Rules of Civil Procedure 8(a), 9, and 12.  *See Corley,* 11 F.4th at 88–89; *Gallivan*, 943 F.3d at 293–95.  Rule 8 requires a short and plain jurisdictional statement, a short and plain statement of the claim, and the relief sought.  FED. R. CIV. P. 8(a).  It requires nothing more.  It does not require an affidavit or certification of merit which goes beyond notice pleading.

Rule 9 does require more, but only in cases alleging fraud or mistake. In those cases, the plaintiff "must state with particularity the circumstances constituting fraud or mistake."  FED. R. CIV. P. 9(b).  The rule identifies "Special Matters" that require more specific allegations than does Rule 8.  Medical malpractice is not one of them.

---

the court because they do not circulate to the full court before filing").  Indeed, the Third Circuit has warned district courts not to rely on non-precedential opinions.  *See e.g., United States v. James,* 928 F.3d 247, 254 n.5 (3d Cir. 2019) (disregarding two non-precedential opinions because they do not have "any precedential effect" (citations omitted)); *In re Grand Jury Investigation,* 445 F.3d 266, 276 (3d Cir. 2006) (explaining how the Third Circuit "does not prohibit citation to NPOs but the members of this court regard them for what they are worth–the opinion of three members of the court in a particular case" and distinguishing them from precedential opinions where "a panel of th[e] court circulates [the opinion] to all members of the court . . . before it is filed" to allow the other judges "the opportunity to make comments or to seek an *en banc* hearing if a judge believes that the issue requires the consideration of and determination by the full court").

Rule 12 allows a defendant to challenge a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).  To meet this low standard, the party opposing dismissal need not produce evidence or prove his case.  As the Sixth Circuit made clear, "Rule 12 does not demand 'evidentiary support'—in an affidavit or any other form—for a claim to be plausible."  *See Gallivan*, 943 F.3d at 293.  A certificate of merit requirement imposes an evidentiary standard that is not required by the federal rules.[20]

In summary, there is no similar affidavit of merit requirement in the Federal Rules of Civil Procedure.  The rules are in direct conflict. Therefore, the Minnesota rule is displaced by the Federal Rules of Civil Procedure which do not impose a certificate of merit obligation on a plaintiff as a prerequisite to filing a medical malpractice action.

## Conclusion

A certificate of merit is not required as a prerequisite to filing a medical malpractice action under the FTCA.  Thus, because the Minnesota requirement conflicts with the Federal Rules of Civil Procedure, we shall deny the defendant's motion to dismiss.

---

[20] At this stage, Petrus has met his burden under the federal rules for pleading a *prima facie* case. *See Smith v. United States,* No. 13-3277, 2015 WL 278252 at *9 (D. Minn., Jan. 22, 2015) (articulating elements of Minnesota medical malpractice *prima facie* case (citations omitted)).  Whether he can survive summary judgment without expert testimony is another question.