IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | | |
|---|---|---|
| **MELVIN PETRUS** | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| **UNITED STATES OF AMERICA,** | : | NO. 16-53 |

**MEMORANDUM OPINION**

**Savage, J.**                                                                                           **August 23, 2023**

The United States has moved for summary judgment in this medical malpractice case brought under the Federal Tort Claims Act (FTCA). It argues that plaintiff Melvin Petrus has failed to provide expert opinion evidence required under Minnesota law to establish the elements of his medical negligence claim. We conclude that because Petrus has produced no evidence, expert or otherwise, to support his claim, the United States is entitled to summary judgment.

**Facts**

On October 28, 2013, Petrus visited the Veterans Affairs (VA) hospital in Minneapolis, Minnesota, for a flu vaccination.[1] He received both a flu vaccine and a shingles vaccine.[2] On November 2, 2013, so he alleged, he broke out in an itchy rash all over his body, lost batches of hair, and had pain.[3] He subsequently received medical treatment at the VA for those conditions, but his symptoms did not abate.[4]

On January 21, 2021, the Government moved to dismiss Petrus's claim because

---

[1] Am. Compl. ¶ 6, ECF No. 35.

[2] *Id.* ¶ 9.

[3] *Id.* ¶¶ 11-14.

[4] *Id.* ¶¶ 18-19.

he failed to file an affidavit attesting, as Minnesota law requires, that a medical expert has reviewed the facts and opined that the defendant breached the standard of care.[5] Ruling on the motion to dismiss, we concluded that the Minnesota certificate of merit requirement is a procedural rule that conflicts with the Federal Rules of Civil Procedure Rules 8(a) and 12(b)(6). *Petrus v. United States*, No. cv 16-53, 2022 WL 910263, at *3 (D.V.I. Mar. 29, 2022). Recently, the Third Circuit Court of Appeals has held that a state certificate of merit requirement does not apply in FTCA cases. *Wilson v. United States*, No. 22-1940, 2023 WL 5341494, at *3 (3d Cir. Aug. 21, 2023).

At that stage, he needed only to state a plausible claim for relief. He did not need to produce evidence. *Id.*

On the same day it filed its motion to dismiss, the Government also sent Petrus's counsel a letter demanding that he send the affidavit of expert review stating that a medical expert has reviewed the facts of the case and opined that the VA deviated from the applicable standard of care.[6] Petrus has not produced one. Nor has he responded to fact and expert discovery requests.[7] He has not produced any evidence, expert or otherwise, bearing on the relevant standard of care and any deviation from the standard of care.[8]

---

[5] Memo in Supp. of United States' Mot. to Dismiss First Am. Compl. at 2, ECF No. 37.

[6] Def.'s Stmt of Facts ¶ 2, ECF No. 75 ["DSF"]; Pl.'s Resp. to Def.'s Stmt of Facts ¶ 2, ECF No. 77-1 (attached as Ex. 1 to Pl.'s Opp'n to Def.'s Mot. for Summ. J., ECF No. 77 ["Resp."]) ["PRDSF"]

[7] DSF ¶ 6; PRDSF ¶ 3.

[8] Resp. at 2. Petrus argues that the Government is not entitled to summary judgment because "there is a material question of fact as to whether [the] expert testimony requirement of Minnesota Statute sec. 145.682 is necessary to establish a prima facie case of medical malpractice since the injury falls within the knowledge and experience of lay persons." *Id.* Petrus does not argue that there are any genuine issues of material fact. The material question he presents—whether expert testimony is required to sufficiently establish the elements of his claim—is a question of law.

**Standard of Review**

Summary judgment is appropriate "if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Judgment will be entered against a party who fails to sufficiently establish any element essential to that party's case and who bears the ultimate burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In considering the motion, we draw all reasonable inferences in the nonmovant's favor. *InterVest, Inc. v. Bloomberg, L.P.,* 340 F.3d 144, 159-60 (3d Cir. 2003). Disagreements over what inferences may be drawn from the facts, even undisputed ones, preclude summary judgment. *Ideal Dairy Farms, Inc. v. John Labatt, Ltd.*, 90 F.3d 737, 744 (3d Cir. 1996) (citation omitted). Credibility determinations, the drawing of inferences from facts and the weighing of evidence are matters left to the jury. *In re Asbestos Prod. Liab. Litig. (No. VI)*, 822 F.3d 125, 135 (3d Cir. 2016) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986)).

Bare assertions, conclusory allegations or suspicions are not sufficient to defeat summary judgment. *Fireman's Ins. Co. v. DuFresne*, 676 F.2d 965, 969 (3d Cir. 1982). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Gillispie v. RegionalCare Hosp. Partners Inc.*, 892 F.3d 585, 592 (3d Cir. 2018).

**Analysis**

Under the FTCA, a federal court must apply the law of the state where the tortious conduct occurred. 28 U.S.C. § 1346(b)(1). Here, the injury occurred in

Minnesota.[9] Thus, we shall apply Minnesota law.

In Minnesota, the plaintiff in a medical malpractice action must establish through expert medical testimony: (1) the standard of care recognized by the medical community as applicable to the particular defendant's conduct; (2) the defendant departed from that standard; and (3) the defendant's departure from the standard caused the plaintiff's injuries. *Dickhoff ex rel. Dickhoff v. Green*, 836 N.W.2d 321, 329 (Minn. 2013) (quoting *Plutshack v. Univ. of Minn. Hosps.*, 316 N.W.2d 1, 5 (Minn.1982)). Expert testimony, in most cases, is necessary to establish the relevant standard of care and the departure from that standard. Absent expert testimony, a jury could only speculate that the defendant was negligent. *Atwater Creamery Co. v. W. Nat'l Mut. Ins. Co.*, 366 N.W.2d 271, 279 (Minn.1985) (citing *Smith v. Knowles*, 281 N.W.2d 653, 656 (Minn.1979)).

Expert testimony, however, is not necessary "where the matters to be proved fall within an area of common knowledge and developing lay comprehension of medical techniques and where the results of surgical or medical treatment, viewed in the light of all the circumstances, provide a sufficient evidentiary basis to support an inference of negligence." *Hestbeck v. Hennepin Cnty.*, 212 N.W.2d 361, 364 (Minn. 1973) (citing *Swanson v. Chatterton*, 160 N.W.2d 662 (Minn. 1968)). In other words, the medical malpractice plaintiff need not prove negligence through expert testimony where the breach of the standard of care and the cause of injury are obvious and allow for no alternative finding. *Atwater Creamery,* 366 N.W.2d at 279. For example, no expert is needed to prove negligence "when metal clips or a sponge have been left in the body

---

[9] DSF ¶ 1; PRDSF ¶ 1.

after surgery or a dentist's grinding disc has slipped and cut membranes and tissues at the base of the tongue." *Chizmadia v. Smiley's Point Clinic*, 768 F. Supp. 266, 271 (D. Minn. 1991), *aff'd*, 965 F.2d 647 (8th Cir. 1992) (citing *Miller v. Raaen*, 139 N.W.2d 877, 880–81 (Minn. 1966)).

What caused the rash and hair loss four days after Petrus received the vaccines is unknown. There is no evidence that the vaccines did. Petrus has not produced lay or expert testimony linking the vaccines to the rash and hair loss. Nor has he produced evidence eliminating other possible causes. A jury could only speculate what caused the rash and hair loss. Therefore, because Petrus cannot prove his case for medical malpractice, we shall grant the defendant's motion for summary judgment.